ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
I am writing in response to your recent inquiry concerning whether Milwaukee County has the authority to purchase vacant land on the open market and resell it at a reduced price to private purchasers under a contract of sale which obligates the purchasers to construct new housing units under the provisions of chs. 235 and 236 of the Housing Act of 1968. The purpose of this program is to increase the supply of decent, safe and sanitary housing for low and moderate income families in the community and especially for those families who have been displaced by expressway construction. It is my opinion that Milwaukee County is acting within its authority in pursuing the above-mentioned program. *Page 243 
Section 59.07, Stats., sets forth the powers of county boards and sec.59.07 (1) (a), Stats., sets forth their powers in connection with the acquisition of real property. The latter section allows county boards to acquire real property "for public uses or purposes of any nature." Section 59.07 (1) (c), Stats., states that county boards may direct the county clerk to lease, sell or convey or contract to sell or convey any county property "on such terms as the [county] board approves." The question thus is whether it is a "public use or purpose" for the county board to acquire property with the intent and for the purpose of selling it at a reduced price to private developers obligated to develop the property with housing units for low and middle income families, especially those displaced by highway construction.
In determining the limitations of the term "public purpose," it is relevant to consider the interpretations applied to the longstanding public purpose requirement applied to the use of State monies. The State public purpose doctrine has been considered by the Wisconsin Supreme Court in many cases and has been reviewed by many law review commentators (see 1970 Wis. L. Rev., p. 1113, fn. 1, for a citation of some of the more prominent commentaries). Without going into a detailed analysis of each of the many cases in which the court has interpreted the doctrine, the general rule is that the expenditure may benefit certain individuals or one particular class of people more immediately than other classes and still be a public purpose. On the other hand, incidental benefits which result from the promotion of private interests are not to be considered as the use of public funds for a public purpose. In between these two broad extremes the legislature has broad discretion in making determinations of public purpose and the court will intervene only if there is a very clear abuse of legislative discretion (State ex rel.Thomson v. Giessel (1963), 265 Wis. 207, 60 N.W.2d 763). There have been dozens of cases interpreting the public purpose doctrine finding some acts within the doctrine and others to be outside its scope. In the action apparently closest to the problem you have posed, the court inState ex rel. Wisconsin Development Authority v. Damman (1938),228 Wis. 147, 181, 280 N.W. 698, cited as *Page 244 
a public purpose a State of Washington case (State ex rel. Board ofReclamation v. Clauson (1920), 110 Wash. 525, 188 P. 538), in which a state reclamation board was created with authority to purchase farm lands for resale upon convenient terms to soldiers, sailors and industrial workers who desired to settle on farms.
Finally, it should be recognized that the public purpose doctrine is a highly flexible concept, adapting to meet the needs of the times. InState ex rel. Warren v. Reuter (1969), 44 Wis.2d 201, 213, 170 N.W.2d 790,795, the court noted that "the concept of public purpose is a fluid one and varies from time to time, from age to age, as the government and its people change. Essentially, public purpose depends upon what the people expect and want their government to do for the society as a whole and in this growth of expectation, that which often starts as hope ends as entitlement." In short, we must determine the breadth of the public purpose doctrine through the needs of today. It is my opinion, in view of the numerous legislative enactments in the field of low and middle income housing in urban areas and for purposes of relocation after highway dislocation, that the purpose you have posed is a public purpose. It is my opinion, therefore, that the acquisition of land by the county for the purpose of reselling these lands for development of low and middle income housing, especially for persons displaced by expressway construction, is a public purpose.
This conclusion is supported by considering other statutes which allow Milwaukee County to acquire land for purposes which are extremely similar to the purpose in question, thereby evidencing a legislative intent that the acquisitions in question are for a public purpose. For example, in sec. 59.07 (55), Stats., Milwaukee County is empowered to build, furnish and rent housing facilities to persons "whose income is insufficient to meet the standard for such person's family . . . It is the intent of this subsection to authorize such counties to do anything necessary to secure the financial aid and the co-operation of the federal government in any undertaking by the county authorized by this subsection." (Emphasis added). Similarly, in creating an expressway commission *Page 245 
for Milwaukee County, sec. 59.965 (5) (d) 1, Stats., relating to the acquisition of land, empowers such a commission to acquire such lands or interests in lands "as the commission deems are necessary and required for expressway purposes, and to dispose of the same." "Expressway purposes" could readily be construed today to include the acquisition of land upon which persons displaced by the expressway could be housed. Also, sub. 6 of this subsection states that in connection with the lands which the commission has acquired for the county, "the county may use and develop any portion of said lands not directly needed for expressway-roadway purposes, . . . [including] for building purposes."
Thus, because of the breadth of the power of counties to acquire lands for public purposes, as reflected in the interpretations by the Wisconsin Supreme Court of the State public purpose doctrine, and also because of the other statutory sections which empower Milwaukee County either to do acts which may wholly or partially encompass the acts in question, it is my opinion that Milwaukee County is empowered to acquire lands on the open market for the purpose of reselling these lands at a reduced price to private developers, who will be obligated to develop housing units on these lands for middle and low income families, especially those displaced by expressway construction.
RWW:BS